## V. HUGHES et al. vs. M. A. STALLINGS.

52 375
78 465

1. CHANCERY PRACTICE: *Lien for improvements on real estate.*
Where the true owner of land invokes the aid of a court of equity against a party lawfully in possession under a defective title, the owner will be compelled to pay for valuable and permanent improvements, made in good faith, and with a belief of title in himself; and in a proper case the party making the improvements may come into a court of chancery as complainant and obtain a decree for them.

2. SAME: SAME: *Case in judgment.*
S. purchased the land from the heirs of M., and made improvements, under the belief that the title was good. The United States court decreed that the title was in the devisees, and not the heirs of M. The land was sold and H. purchased, and turned S. out under a writ of assistance. S. filed a bill against H. to enforce a lien for the improvements. *Held,* that this suit being against the purchaser and not against the true owner, and it not being shown that the purchaser had notice of any equity of S. to charge the land with the lien, no lien can exist as against the land in the hands of such purchaser.

APPEAL from the Chancery Court of *Carroll* County.

Hon. DALLAS P. COFFEY, Chancellor.

The facts of this case are sufficiently stated in the opinion of the court.

The action of the court in rendering the decree is assigned for error.

*D. A. Holman,* for appellants :

The principle which underlies this proceeding was discussed in Wilie *v.* Brooks, 45 Miss., 542, to which it bears some resemblance or analogy. Were the Stallings *bona fide* purchasers? See 2 Kent, 405 (ed. 1867) ; Leonard *v.* Corley, 43 Miss., 705. The bill and proof show that Stallings knew that the land was devised to the children of Robert Matthews ; that the will was set aside without notice to the devisees. Stallings trusted alone to the representations of his vendor as to his power to sell the land and convey title. He was put upon due inquiry. See 43 Miss., 709, and authorities. But was he a purchaser at all? See Wilie *v.* Brooks, where the rule is further stated, when the improvements exceed the rents. See art. 20, Rev. Code, 389.

*F. W. Keys* and *James Somerville,* for appellees :

The question involved is whether a party who, purchasing

lands under a title believed to be perfect, and making permanent and valuable improvements, without notice of any defect in his title, has in equity a lien upon the land for the value of the same against the true owner, and can he enforce it against the land after he has been ousted by a proceeding to which he was not a party? The rule invoked is not a creature of statute. Inst. Just., lib., tit. 1, §§ 30, 35 ; Dig., lib. 6, tit. 1, 38, 48. See 2 Story's Eq. Jur., §§ 1237, 1239, and note.

Where the law affords no remedy, the courts of equity afford relief when rights are invaded. 1 Bl. Com., 62 ; 43 Miss., 701 ; Free. Ch., 270.

We have our choice to proceed against the land or devisees. Payne v. Harrell, 40 Miss., 498 ; Scruggs v. Blair, 44 Miss., 412 ; 1 Story (C. C.), 478 ; 2 ib., 605 ; 2 Story's Eq., §§ 1237, 1238 ; 4 Humph., 362 ; 6 ib., 324 ; 8 ib., 540 ; 8 Wheat., 1 ; 45 Miss., 548 ; 47 ib., 476, 189, 220.

CAMPBELL, J., delivered the opinion of the court.

The bill seeks compensation for improvements made on land by complainant, under a belief of title by contract of purchase from the heirs of Robert Matthews, who were supposed to be the owners of the land. The circuit court of the United States for the southern district of Mississippi decreed the title to be in the devisees of Robert Matthews, and not in his heirs, and under this decree the land was sold and purchased by appellants, and appellees were turned out of the possession of the land by a writ of assistance, and brought this suit against said purchasers to charge the land with a lien for the payment of the value of improvements made on it by complainants whilst they held it under the contract of sale made by the heirs of Matthews. The bill charges that defendants had notice of their claim and lien for improvements. The answer denies this. There is no evidence on this point except the circumstances that defendants lived within a few miles of the land occupied by complainants. There is evidence of the value of the improvements made by complainants and of the value of the rents.

The chancellor struck a balance, and decreed in favor of complainants for what he considered the excess of the value of the improvements over the the rents, and made it a lien on the land, and required it to be paid within twenty days, and if not, ordered a sale of the land. It is well settled by adjudication that, whenever the aid of a court of equity is invoked by the true owner of land against a party lawfully in possession under a defective title, who has, in good faith, and with a belief of title in himself, made permanent improvements, such owner will be compelled to allow for such improvements. It is not so well settled that the person who has thus made repairs and improvements can come into a court of chancery as complainant and obtain a decree for them. His right to do so has been a few times affirmed by the courts of this country, and this court may sustain such right in a case deemed proper for its assertion; but in this case the claim is asserted, not against the true owner who has recovered the land, but against the purchasers at the sale under the decree of the circuit court of the United States, who in purchasing must be supposed to have paid for the land as it was at the time of the sale, including all improvements on it, and who are not shown to have had notice of any equity of complainant, to charge the land with a lien for improvements.

We disapprove the decree and reverse it, and will dismiss the bill.

